# **EXHIBIT A**

| PUTNAM County | **STATE OF TENNESSEE** | Case Number |
| --- | --- | --- |
| | **CIVIL SUMMONS** | 2022-80 |
| | page 1 of 1 | |
| **RON L. & APRIL JESTES** Vs. **NATIONSTAR MORTGAGE and DYCK O'NEAL** | | |

Served On:

**NATIONSTAR MORTGAGE**    c/o Registered Agent – Corporation Service Company, 2908 Poston Avenue, Nashville TN 37203

You are hereby summoned to defend a civil action filed against you in Circuit Court, Putnam County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: May 23, 2022

_Linda J. Reedy_ by Cynthia Pullen
Clerk / Deputy Clerk

Attorney for Plaintiff: Jason Mangrum, 750 OLD HICKORY BLVD, BLDG 2, STE 150, BRENTWOOD TN 37027
615-668-1701    jmangrum@jasonmangrumlaw.com

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to    _____, _____ Clerk, _____ County

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____      _____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____      By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____      _____
Notary Public / Deputy Clerk (Comm. Expires _____ )

_____
Signature of Plaintiff      Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

ADA: If you need assistance or accommodations because of a disability, please call Linda Reeder ADA Coordinator, at 931-526-6332

Rev. 03/11



## IN THE CHANCERY COURT FOR PUTNAM COUNTY, TENNESSEE

RON L. JESTES, JR; and
APRIL JESTES

    Plaintiffs

VS.

NATIONSTAR MORTGAGE;
DYCK O'NEAL

    Defendants

FILED 5-23 2022
TIME 10:56 AM
LINDA F. REEDER, CLERK & MASTER
BY _____
DEPUTY CLERK & MASTER

CASE NO. 2022-80

JURY DEMAND

### COMPLAINT

Comes the Plaintiffs, Ron and April Jestes, by and through the undersigned attorney, and for their complaint states:

1. Plaintiffs Ron and April Jestes are adults over the age of eighteen years and are residents of Putnam County, State of Tennessee.

2. Upon information and belief, Defendant Nationstar Mortgage is a limited liability company whose corporate office is in Coppell Texas, presently active in Tennessee, whose registered agent for services of process is Corporation Service Company, 2908 Poston Ave, Nashville TN 37203

3. Upon information and belief, Defendant Dyck O'Neal is a for profit corporation whose corporate office is in Dallas Texas, presently active in Tennessee, whose registered agent for services of process is CT Corporation, 300 MONTVUE RD, KNOXVILLE, TN 37919-5546 USA

4. Jurisdiction in this Honorable Court and venue in Putnam County is proper.

### FACTS

5. Plaintiffs resided at the property municipally known as 471 Charleston Drive, Cookeville, Tennessee 38501, located in Putnam County, hereinafter the "Property."

6. On August 22, 2005, Plaintiffs executed a promissory note made payable to Taylor Bean & Whitaker Mortgage Corp., in the amount of $180,000.00, hereafter the "Note." A copy of the Note is attached hereto as "Exhibit A" and is incorporated herein.

7. The Note was secured by a Deed of Trust of even date, hereinafter the "Deed of Trust," encumbering the property municipally known as 471 Charleston Drive, Cookeville, Tennessee 38501.

8. On August 26, 2005, the Deed of Trust was recorded with the Putnam County Register of Deeds Office at Record Book 254, Page 454, and Instrument Number 48998. A copy of the Deed of Trust is attached hereto as "Exhibit B" and incorporated herein.

9. Plaintiffs have been presented with or otherwise viewed various copies of the Note after execution of the Note and prior to foreclosure. The Note has been endorsed and bears an allonge. Plaintiff has never seen a copy of the Note bearing an endorsement or allonge to Nationstar.

10. Upon information and belief, the initial endorsement on the Note was from Taylor Bean Whitaker into blank.

11. Upon information and belief, at some point after the initial blank endorsement, a transfer of the Note to Saxon was attempted by affixing a strip of paper bearing the name Saxon Mortgage Services, Inc over the blank endorsement

from Taylor Bean Whitaker. A copy of the Endorsement is attached hereto as "Exhibit H" and is incorporated herein.

12. The Deed of Trust contained the standard "MERS language" providing that Mortgage Electronic Registrations Systems "hereafter "MERS"} was the nominee for Taylor Bean and Whitaker for purposes of transferring the Deed of Trust.

13. On August 23, 2011, MERS executed an Assignment of Deed of Trust {hereafter "First Assignment"} transferring rights in the Deed of Trust to Saxon. Said Assignment is of record in Book 655, Page 242, Putnam County Register's Office. A copy of the Assignment is attached hereto as "Exhibit C" and incorporated herein.

14. On June 08, 2010, *more than one year prior to the assignment of rights in the Deed of Trust to Saxon*, for the purpose of accelerating the note and proceeding with foreclosure proceedings, Saxon sent Plaintiff a document entitled "Notice of Intent to Accelerate" {hereinafter "Acceleration Letter"}. A copy of the Acceleration Letter is attached hereto as "Exhibit D" and is incorporated herein."

15. On June 5, 2012, a document entitled "Assignment of Deed of Trust Tennessee," {hereinafter "Second Assignment"} purporting to transfer all rights, title and interest in the Deed of Trust from Mortgage Electronic Registration Systems, Inc., as nominee for Taylor Bean & Whitaker Mortgage Corp. to Ocwen Loan Servicing, LLC was recorded with the Putnam County Register of Deeds at Book 704, Page 46. A copy of the Second Assignment is attached hereto as "Exhibit E" and is incorporated herein

16. On October 28, 2013, a document entitled "Corporate Assignment of Deed of Trust," {hereinafter "Third Assignment"} purporting to transfer all interest in the Deed of Trust from Saxon Mortgage Services, Inc. to Nationstar Mortgage, LLC, was executed on October 28, 2013, by Aaron Saunders, purporting to be a "Vice President" of Saxon Mortgage Services, Inc. A copy of the Third Assignment is attached hereto as "Exhibit F" and is incorporated herein.

17. On August 22, 2005, a document titled "Appointment of Successor Trustee," hereinafter "AOST," was recorded with the Putnam County Register of Deeds at Record Book 936, Page 173. A copy of the AOST is atthaced hereto as "Exhibit G" and is incorporated herein.

18. The AOST alleges *inter alia* that "Nationstar Mortgage, LLC" is the present holder of the promissory note, that the noteholder appoints Rubin Lublin TN, PLLC with an address of 119 S. Main Street, Suite 500, Memphis TN, as a successor trustee under the Deed of Trust with all powers of the original Trustee, that all actions taken by the successor trustee are ratified and approved, that all other appointments of successor trust in connections with the property are revoked, that the substitute trustee was appointed prior the date first notice of publication, and that noteholder ratifies and confirms all actions taken by the substitute trustee subsequent to the date of substitution and prior to the recording of the AOST.

19. The AOST does not appear to be signed by any representative of the alleged holder of the Note.

20. On or about June 11, 2016, Plaintiff received via certified mail a document entitled "Notice of Substitute Trustee's Sale," {hereafter the "Notice of Sale"}

alleging *inter alia* that the Property would be sold at a foreclosure sale on July 21, 2016 at 12:00 PM at the door to the Putnam County Courthouse. The Notice also purported to identify "Nationstar Mortgage, LLC" as the "owner" of the mortgage debt. A copy of the Notice of Sale is attached hereto as "Exhibit H" and is incorporated herein

21. After receipt of the Notice of Sale, Plaintiff, through prior counsel, sent a formal debt dispute letter to Nationstar Mortgage, LLC on June 15, 2016, {hereafter "Debt Dispute"}. A copy of the Debt Dispute is attached hereto as "Exhibit I" and is incorporated by reference.

22. No response to the Debt Dispute was received by Plaintiff or Plaintiffs' prior counsel.

23. Plaintiff appeared at the foreclosure sale on July 21, 2016, where the highest bidder was Bobby Phillips, hereinafter "Phillips," who is believed to be a resident of Putnam County.

24. Although Phillips was the highest bidder at sale, the purchaser of the property was Dennis Chaffin, hereinafter "Chaffin," who is a resident of Putnam County, Tennessee.

25. Mrs. April Jestes, the wife of the Plaintiff, informed Chaffin of the cloud on title created by the Assignments of the Deed of Trust, and that the note did not have any proper endorsements or allonges. Therefore, Chaffin bought the property with knowledge of these issues.

26. The property sold at the foreclosure sale for $165,900.00. Upon information and belief, the property was worth $265,000.00 at the time of the sale.

27. The underlying debt owed by virtue of the Note and secured by the Deed of Trust became unenforceable due to passage of the 6 year statute of limitations on or about June 8, 2016, prior to the initiation of foreclosure by the Defendant.

28. Following the foreclosure sale, Plaintiffs received correspondence from Dyck O'Neal advising that Dyck O'Neal was now the creditor to whom the Plaintiffs owed the balance remaining after foreclosure of the subject property, some approximately $69,844.45.

## Count I - Wrongful Foreclosure

29. Plaintiff's adopt paragraphs 1-25 as if restated verbatim.

30. The foreclosure conducted on July 21, 2016 was wrongful and should be set aside as invalid.

31. Nationstar Mortgage lacked the authority to appoint a Successor Trustee, and all actions taken by the Trustee, including without limitation setting the sale, conducting the sale, and executing a deed transferring ownership of the property were improper and without authority under the law.

32. Plaintiffs therefore request actual damages in the amount of $265,000 for the improper taking of the Plaintiffs' property, punitive damages in amount not less than $500,000 and attorneys fees and costs of this cause.

## Count II
## Violation of the Fair Debt Collection
## Practices Act ("FDCPA")
## 15 U.S.C.A. §1692(a)

33. Plaintiffs adopts paragraphs 1-30 as if restated verbatim.

34. Plaintiffs are consumers who became indebted to Taylor Bean and Whitaker upon execution of the Note, and remained consumers throughout the ownership of the Property as related to the Note and Deed of Trust.

35. The Note and Deed of Trust is a consumer debt under the FDCPA;

36. The Nationstar's appointing a substitute trustee is an attempt to collect a debt under the FDCPA;

37. Nationstar's issuing a Notice of Sale is an attempt to collect a debt under the FDCPA;

38. Nationstar's failure to respond to the Debt Dispute is a violation under the FDCPA:

39. Nationstar's conducting the foreclosure sale is an attempt to collect a debt under the FDCPA;

40. Nationstar's attempt to collect a debt that was not enforceable due to expiration of the statute of limitations is a violation under the FDCPA;

41. Nationstar's conducting a foreclosure sale based upon an unenforceable debt is a violation of the FDCPA;

42. Dyck O'Neal's letter regarding a deficiency following the foreclosure sale is an attempt to collect a debt.

43. Dyck O'Neal's attempt to collect a debt that is based upon a wrongful foreclosure sale is a violation of the FDCPA.

44. Dyck O'Neal's attempt to collect a debt that is barred by the expiration of the statute of limitations is a violation of the FDCPA.

45. Plaintiff requests actual damages of $265,000.00, statutory damages of $1,000 per violation (approximately $16,000.00), and punitive damages and attorney's fees and costs as permitted under Fair Debt Collection Practices Act;

## COUNT III
### Violation of the Tennessee Consumer Protection Act ("TCPA")
### Tenn. Code Ann. 47-18-101, *et seq.*

46. Plaintiffs adopt paragraphs 1 – 41 as if restated verbatim;

47. Plaintiffs are consumers as defined under the TCPA;

48. Defendants' actions in violation of the FDCPA and wrongful foreclosure constitute deceptive business practices under the TCPA;

49. Due to the Defendants' actions Plaintiffs have expenses, legal expenses, and pain and suffering;

50. Plaintiffs request actual damages of $265,000.00, treble damages, and attorney's fees and costs as permitted under the Tennessee Consumer Protection Act (Tenn. Code Ann. § 47-18-101, *et seq.*;

## COUNT IV

## VIOLATIONS OF THE

## FAIR CREDIT REPORTING ACT

51. Plaintiffs adopt paragraphs 1-50 as if restated verbatim;

52. Plaintiffs incurred negative and incorrect information on credit reports.

53. Defendants' actions in making incorrect entries on Plaintiffs' credit reports have resulted in damages to their ability to refinance or otherwise obtain credit on more favorable terms and has cost them in terms of higher interest rates on other consumer debt.

54. As a result of Defendants' actions, Plaintiffs have expenses, legal expenses, and pain and suffering;

55. Plaintiffs request actual damages of $300,000.00, treble damages, and attorney's fees and costs

## COUNT V

## VIOLATION OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

56.     Plaintiffs adopt paragraphs 1-55 as if restated verbatim.

57.     Plaintiffs and Defendants are bound by the terms of contracts between them, including but not limited to the Note, Deed of Trust, and terms and conditions on Defendants' website.

58.     Plaintiffs have, at all times, interacted with Defendants and conducted their business with Defendants in good faith and in reliance upon Defendants doing the same.

59.     Defendants' actions, in declaring default, foreclosing, and seeking more money following foreclosure, have not been conducted in good faith or fair dealing.

60.     Plaintiffs request actual damages of $300,000.00.

**WHEREFORE, PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:**

1. That process issue and the Defendants be required to answer as required under the Tennessee Rules of Civil Procedure;

2. That a jury be empaneled to hear this cause;

3. That Plaintiffs be awarded a judgment against the Defendants for violations of the Fair Debt Collection Practices Act in the amount of $277,000.00;

4. That Plaintiffs be awarded a judgment against the Defendants for Wrongful Foreclosure in the amount of $265,000.00;

5. That Plaintiffs be awarded a judgment against the Defendants for violations of the Fair Credit Reporting Act in the amount of $277,000.00;

6. That Plaintiffs be awarded a judgment against the Defendants for violations of the implied covenant of good faith and fair dealing in the amount of $277,000.00

7. That Plaintiffs be awarded a judgment against the Defendants for violations of the Tennessee Consumer Protection Act in the amount of $25,000.00, trebled to $75,000.00;

8. That Plaintiff be awarded a judgment against the Defendants for punitive damages in the amount of $500,000.00;

9. That reasonable attorney's fees and costs be awarded in a minimum amount of $25,000.00, or by application and as approved by the Court;

10. For such other relief as the Court may deem necessary and proper.


Respectfully submitted:


_____
Jason Mangrum, Reg. No. 018098
The Law Office of Jason Mangrum
750 Old Hickory Blvd
Building 2, Suite 150
Brentwood TN 37027
615-668-1701
615-334-8418 fax
Attorney for Ron and April Jestes
jmangrum@jasonmangrumlaw.com